IGNACIO E. SALCEDA, State Bar No. 164017 (isalceda@wsgr.com)
GREGORY L. WATTS, State Bar No. 197126 (gwatts@wsgr.com)
KATHERINE HENDERSON, State Bar No. 242676 (khenderson@wsgr.com)
BRYSON S. SANTAGUIDA, State Bar No. 255173 (bsantaguida@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN SIMON, MICHAEL KALLOK AND ALEXEY TERSKIKH, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC STANG, LEN DEBENEDICTIS, HANK GAUTHIER, and RELIANT TECHNOLOGIES, INC.,<br><br>Defendants. | CASE NO.: 5:10-cv-00262-JF<br><br>**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: April 2, 2010<br>Hearing Time: 9:00 a.m.<br>Courtroom: 3 (Hon. Jeremy Fogel) |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........................................................................................................1

ISSUES TO BE DECIDED..................................................................................................1

SUMMARY OF ARGUMENT ............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................2

INTRODUCTION.................................................................................................................2

STATEMENT OF FACTS....................................................................................................3

    The Parties..................................................................................................................3

    The Merger.................................................................................................................3

    Procedural Background .............................................................................................4

ARGUMENT ........................................................................................................................4

I.    SLUSA PRECLUDES PLAINTIFFS' CLAIMS BASED ON STATE LAW ....................4

    A.    The Action is a "Covered Class Action"................................................6

    B.    The Action is Based Upon State Law .....................................................6

    C.    The Action Involves a "Covered Security"............................................7

    D.    The Complaint Allege Misstatements and Omissions of Material Fact, and the Use of a Manipulative Device ............................................7

    E.    The Alleged Misstatements, Omissions and Other Misconduct Were "In Connection With" the Purchase or Sale of a Covered Security ..............................9

    F.    The "Delaware Carve-Out" is Inapplicable Because Plaintiffs' Claims are Brought Under California Law Which Is Not the Law of the Issuer's State of Incorporation...........................................................................10

II.    SLUSA REQUIRES DISMISSAL OF THIS ACTION ......................................................11

III.    THE INTERNAL AFFAIRS DOCTRINE ALSO REQUIRES DISMISSAL OF THIS ACTION ...................................................................................................................11

CONCLUSION ...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Batchelder v. Kawamoto*, 147 F.3d 915 (9th Cir. 1998) ............................................................. 12

*Brown v. Kinross Gold U.S.A., Inc.,* 531 F. Supp. 2d 1234 (D. Nev. 2008) ................................. 4

*CTS Corp. v. Dynamics Corp.,* 481 U.S. 69 (1987) ............................................................... 12, 14

*Davis & Cox v. Summa Corp.,* 751 F.2d 1507 (9th Cir. 1985) ..................................................... 12

*Edgar v MITE Corp.,* 457 U.S. 624 (1982) ................................................................................... 12

*In re Sagent Tech Inc. Deriv. Litig.,* 278 F. Supp. 2d 1079 (N.D. Cal. 2003) .............................. 13

*In re Verisign, Inc., Deriv. Litig.*, 531 F. Supp. 2d 1173 (N.D. Cal. 2007) ................................... 13

*Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006) .................................................................. 11

*Klussman v. Cross Country Bank*, 134 Cal. App. 4th 1283 (2005) .............................................. 14

*Madden v. Cowen & Co.*, 576 F.3d 957 (9th Cir. 2009) ................................................. 6, 7, 10, 11

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006) .............................. 5, 10

*Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698 (5th Cir. 2004) ................................................... 9

*Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020 (9th Cir. 2002) ............................. 11

*Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952 (S.D. Cal. 2007) .................................... 12

*Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208 (9th Cir. 2009) .................................. 9, 10

*Rowinski v. Salomon Smith Barney, Inc*., 398 F.3d 294 (3d Cir. 2005) .......................................... 9

*SEC v. Nat'l Sec., Inc*., 393 U.S. 453 (1969) ................................................................................. 10

*Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305 (6th Cir. 2009) ....................................................... 9

*State Farm Mut. Auto Ins. Co. v. Superior Court,* 114 Cal. App. 4th 434 (2003) ................. 12, 13

*VantagePoint Venture Partners 1996 v. Examen, Inc*., 871 A.2d 1108 (Del. 2005) .............. 12, 14

*Vaughn v. LJ Int'l, Inc*., 174 Cal. App. 4th 213 (2009) ................................................................ 12

*Wade v. 20th Century Ins. Co.*, 206 Cal. App. 3d 32 (1988) .......................................................... 4

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) ............................................ 6

**Statutes**

15 U.S.C. § 77p ........................................................................................................................................1

15 U.S.C. § 77p(b) ...........................................................................................................................2, 5, 11

15 U.S.C. § 77p(c)...............................................................................................................................2, 4

15 U.S.C. § 77p(d)(1)(A) ...................................................................................................................3, 10

15 U.S.C. § 77p(f)(2)(A).........................................................................................................................6

15 U.S.C. § 77p(f)(3) .............................................................................................................................7

15 U.S.C. § 77r(b)(1)(A)........................................................................................................................7

15 U.S.C. § 78bb ....................................................................................................................................1

CAL. CORP. CODE § 1201 .....................................................................................................................13

CAL. CORP. CODE § 2115......................................................................................................................13

**Rules**

FED. R. CIV. P. 12(b)..............................................................................................................................1

**Miscellaneous**

Restatement (Second) of Conflict of Laws § 304 (1971)....................................................................14

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 2, 2010 at 9:00 a.m., before the Honorable Jeremy Fogel of the United States District Court for the Northern District of California, San Jose, California, Defendants Eric Stang, Len Debenedictis, Hank Gauthier, and Reliant Technologies, Inc. ("RTI") (collectively "Defendants") will and hereby do move to dismiss Plaintiffs' Complaint for Breach of Fiduciary Duty and Injunctive Relief filed in the Santa Clara Superior Court on December 21, 2009 and removed to this Court on January 20, 2010 (the "Complaint" or "Comp.").

Defendants request that the Court dismiss the Complaint in its entirety pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p, 78bb.

This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the Request for Judicial Notice; the Declaration of Bryson Santaguida, together with accompanying exhibits ("Ex."); the [Proposed] Order; all pleadings and papers filed herein; oral argument of counsel; and any other matter which may be submitted at the hearing.

## ISSUES TO BE DECIDED

1. Whether Plaintiffs' claims should be dismissed because they are precluded by SLUSA?
2. Whether Plaintiffs' claims should be dismissed under the internal affairs doctrine?

## SUMMARY OF ARGUMENT

Plaintiffs' claims are subject to preclusion and dismissal under SLUSA because they constitute a "covered class action" based upon the statutory and common law of the State of California that alleges misrepresentations and omissions of material facts and the use of manipulative and deceptive devices in connection with Reliant Technologies, Inc.'s ("RTI") shareholders' "purchase" of publicly-traded Thermage shares in connection with a merger of RTI and Thermage, Inc.

1   Even if Plaintiffs' claims were not precluded by SLUSA, they should still be dismissed
2   because they are brought improperly under California law when the matters alleged concern the
3   internal affairs of a Delaware corporation.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a purported class action brought under California law roughly one year after the close of a merger between two Delaware corporations – Reliant Technologies, Inc. ("RTI") and Thermage, Inc. ("Thermage"). The combined company is now known as Solta Medical, Inc. ("Solta"). Despite raising no objections at the time, Plaintiffs now allege that Defendants used misrepresentations, omissions, and other misconduct to engage in a manipulative scheme to deprive RTI common shareholders of a fair merger process. The Complaint must be dismissed as a matter of law under both the Securities Litigation Uniform Standards Act ("SLUSA") and the internal affairs doctrine.

Under SLUSA, a class action premised on state law and alleging a misrepresentation or omission of material fact or the use of a manipulative or deceptive device in connection with the purchase or sale of a covered security cannot be maintained in state or federal court. 15 U.S.C. § 77p(b). When such actions are filed in state court, SLUSA provides for their removal to federal court where they are to be dismissed. *Id.* § 77p(c). Here, Plaintiffs' Complaint was properly removed and should be dismissed because it constitutes a "covered class action" that is based upon California law that involves a "covered security" – the publicly traded shares of Thermage exchanged for RTI shares in connection with the merger. The Complaint is riddled with allegations of misrepresentations, omissions and other deceptive misconduct in connection with the merger and the exchange of RTI shares for Thermage shares, including allegations that Defendants "knowingly disseminat[ed] material misstatements" pertaining to RTI's corporate affairs, "stress[ed] the desirability of the merger through misrepresentations and omissions," purposefully withheld information related to the merger from shareholders, falsely represented that the RTI Board unanimously approved the merger and had provided support agreements, and falsely represented that it was not reasonable to expect an alternative transaction with another

merger partner at a higher price.

Plaintiffs' claims do not fall within the "Delaware carve-out" exception to SLUSA because Plaintiffs have not brought claims "based upon the statutory or common law of the State in which the issuer is incorporated . . . ." *Id*. § 77p(d)(1)(A). Instead of bringing claims under Delaware law, the state of incorporation of RTI, Plaintiffs have brought claims under California law. Accordingly, the Complaint should be dismissed.

Plaintiffs' claims are independently precluded under the internal affairs doctrine. The Complaint alleges breaches of fiduciary duty and other matters involving RTI's internal affairs and the duties of RTI and its directors and officers to RTI shareholders. Such claims are subject to the law of the state of incorporation, *i.e.*, Delaware. Here, instead of alleging violations of Delaware corporate law, Plaintiffs have improperly alleged violations of California corporations law. As the Delaware Supreme Court ruled in nearly identical circumstances, such flouting of the internal affairs doctrine cannot be countenanced.

## STATEMENT OF FACTS

### The Parties

Plaintiffs Steve Simon, Michael Kallok and Alexey Terskikh purport to be former shareholders of RTI who have brought this class action on behalf of themselves and other common shareholders of RTI. Compl. ¶¶ 1, 7-9.

Defendant RTI was a privately-held Delaware corporation. *Id*. ¶¶ 1, 13. On December 23, 2008, RTI merged with Thermage. *Id*. ¶¶ 2, 13, 15. At the time of the alleged misrepresentations, omissions and misconduct, Thermage was a Delaware corporation and listed its securities on the NASDAQ Global Market. *Id*. ¶¶ 22, 31; Exs. 1, 2. The post-merger entity is now known as Solta Medical, Inc. and continues to trade on NASDAQ. *Id*. ¶ 2. Messrs. Stang, DeBenedictis, and Gauthier are former directors of RTI. *Id.* ¶¶ 10-12.

### The Merger

On July 7, 2008, RTI and Thermage announced that the two companies had entered into a definitive agreement under which Thermage would acquire RTI in a stock and cash transaction. Compl. ¶ 29; Ex. 3. Thermage disclosed that the merger agreement was unanimously approved

by the boards of directors of both companies and was subject to approval by the stockholders of both companies. Compl. ¶¶ 29, 31; Ex. 4 at 66, 86. On July 7, 2008, RTI shareholders of record holding a majority of the outstanding capital stock and a majority of the outstanding preferred shares approved the merger. Compl. ¶¶ 29, 31; Ex. 4 at 1. Thermage filed a final proxy statement with the SEC on November 24, 2008. Compl. ¶ 31. Thermage shareholders approved the transaction and the merger closed on December 23, 2008. *Id*. ¶ 16; Ex. 5.

**Procedural Background**

On December 21, 2009, Plaintiffs filed this action in Santa Clara Superior Court. The Complaint alleges that Defendants made material misrepresentations, omissions and otherwise engaged in deceptive conduct with the RTI-Thermage merger. Plaintiffs have brought six purported causes of action under California law for breach of fiduciary duty, violations of Section 2115 and 1201 of the California Corporations Code, violation of Section 1573 of the California Civil Code (Constructive Fraud), violation of Section 17200 of the California Business and Professions Code (Unlawful Business Practices), Entire Fairness and Conspiracy.[1]

On January 20, 2010, Defendants removed the action to this Court pursuant to SLUSA, 15 U.S.C. § 77p(c).

**ARGUMENT**

**I.   SLUSA PRECLUDES PLAINTIFFS' CLAIMS BASED ON STATE LAW**

In an attempt to deter abusive practices in connection with the filing and prosecution of securities class actions, Congress passed the Private Securities Litigation Reform Act of 1995

---

[1] Because SLUSA and the internal affairs doctrine preclude the alleged claims as a matter of law, Defendants do not attempt by this motion to address any pleading deficiency or failure to state a claim specific to any particular cause of action, nor do they attempt to address the merits of any particular cause of action. Defendants note, however, that Count V "Entire Fairness" is not a cause of action, but rather a standard of analysis applied to certain corporate transactions, and Count VI "Conspiracy" by itself is not actionable under California law. *See, e.g., Brown v. Kinross Gold U.S.A., Inc.,* 531 F. Supp. 2d 1234, 1246 (D. Nev. 2008) (court inquires into the entire fairness of a merger transaction upon a finding that the transaction was not voluntary); *Wade v. 20th Century Ins. Co.*, 206 Cal. App. 3d 32, 38 (1988) ("A civil conspiracy does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damages.").

(the "Reform Act") containing numerous substantive and procedural reforms.[2]  Rather "than face the obstacles set in their path by the Reform Act, plaintiffs and their representatives began bringing class actions under state law, often in state court."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 82 (2006).  By 1998, Congress concluded that plaintiffs were "circumvent[ing] the [Reform] Act's provisions . . . by filing frivolous and speculative lawsuits in State court, where essentially none of the Reform Act's procedural or substantive protections against abusive suits are available."  H.R. CONF. REP. NO. 105-803, at 14-15 (1998) (Ex. 6).  Accordingly, Congress passed SLUSA to "stem this 'shif[t] from Federal to State courts' and 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of' the Reform Act . . . ."  *Id.* (internal citations omitted).

SLUSA provides for the removal and dismissal of any action filed in state court that constitutes a (1) "covered class action," (2) based upon the statutory or common law of any state, (3) alleging "an untrue statement or omission of material fact" or "that the defendant used or employed any manipulative or deceptive device or contrivance" in connection with, (4) "the purchase or sale of a covered security."  15 U.S.C. § 77p(b).  The United States Supreme Court has admonished that SLUSA's preclusive reach is "broad," *Dabit*, 547 U.S. at 86, and that a "narrow reading of the statute would undercut the effectiveness of the 1995 Reform Act and thus run contrary to SLUSA's stated purpose."  *Id*.

As discussed below, Plaintiffs' claims are subject to SLUSA and therefore must be dismissed.  Furthermore, Plaintiffs' claims are not exempted under SLUSA's "Delaware carve-out" provisions.  Accordingly, Plaintiffs' Complaint should be dismissed.

---

[2] The Reform Act's provisions "limit recoverable damages and attorney's fees, provide a 'safe harbor' for forward-looking statements, impose new restrictions on the selection of (and compensation awarded to) lead plaintiffs, mandate imposition of sanctions for frivolous litigation, and authorize a stay of discovery pending resolution of any motion to dismiss. [It also] imposes heightened pleading requirements in actions brought pursuant to § 10(b) and Rule 10b-5."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81-82 (2006).

### A. The Action is a "Covered Class Action"

Under SLUSA, a "covered class action" is defined as a lawsuit in which "damages are sought on behalf of more than 50 persons or prospective class members" or "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate . . . ." 15 U.S.C. § 77p(f)(2)(A). Here, the Complaint alleges that Plaintiffs "bring this action on behalf of themselves and all members of the Class, defined as persons who were owners of RTI common stock as of December 23, 2008," the class is "so numerous that joinder of all members is impracticable," the "factual basis underlying Defendants' misconduct is common to all members of the Class, as are the resulting damages," and "[t]here are numerous questions of law and fact common to Plaintiffs and the members of the Class, and those questions predominate over any questions that may affect individual member of the Class." Compl. ¶¶ 15-18. Plaintiffs' lawsuit, therefore, is unquestionably a "covered class action."

### B. The Action is Based Upon State Law

Plaintiffs' action satisfies the second SLUSA criterion because it is brought entirely under the statutory and common law of California. Count II alleges violations of California Corporations Code §§ 2115 and 1201. Compl. ¶¶ 39-44. Count III alleges violations of California Civil Code § 1573 (Constructive Fraud). *Id*. ¶¶ 45-49. Count IV alleges violations of California Business and Professions Code § 17200 (Unfair Business Acts and Practices). *Id*. ¶¶ 50-54. Although Plaintiffs do not explicitly state that California law governs Count I for breach of fiduciary duty (or their purported causes of action under Counts V and VI for entire fairness and conspiracy), "[a] plaintiff suing in a California court bears the burden of 'invoking the law of a jurisdiction other than California.'" *Madden v. Cowen & Co.*, 576 F.3d 957, 972 (9th Cir. 2009) (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001)) (where plaintiff did not expressly invoke Delaware law, claims were under California law and therefore not exempted from preclusion under SLUSA's Delaware carve-out). Since Plaintiffs brought this lawsuit in California without expressly invoking the law of any other jurisdiction

(Compl. ¶¶ 35-38, 55-65), all of their claims are properly interpreted as invoking violations of California state law.

### C.  The Action Involves a "Covered Security"

Plaintiffs' action also satisfies SLUSA's third criterion because it involves a "covered security." A "covered security" includes securities that are "listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entit[y])" at "the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred." 15 U.S.C. §§ 77r(b)(1)(A), 77p(f)(3). In this case, Thermage stock (which was exchanged for Plaintiffs' RTI stock in the merger) was publicly traded on the NASDAQ Global Market at the time during which Defendants are alleged in the Complaint to have engaged in misconduct – starting in "early 2008" until the consummation of the merger on December 23, 2008. Compl. ¶¶ 22, 27-34; Exs. 1, 2. Thus, Plaintiffs' action involves a covered security. *See Madden*, 576 F.3d at 968 (finding that publicly-traded shares of the acquiring corporation that were exchanged for privately-held shares of the target corporation in a merger constituted a "covered security" in a lawsuit brought by minority shareholders of the privately-held target).

### D.  The Complaint Alleges Misstatements and Omissions of Material Fact, and the Use of a Manipulative Device

The Complaint is premised on the theory that Defendants used misrepresentations, material omissions and other allegedly deceptive conduct in connection with the RTI-Thermage merger. Among other things, Plaintiffs allege the following:

> Defendants breached their fiduciary duties and duties of due care and loyalty to all of the stockholders <u>by failing to provide shareholders of RTI with information concerning the merger</u> . . . .

Compl. ¶ 18(a) (emphasis added).

> [T]he RTI Board of Directors . . . <u>did not provide RTI shareholders information about the merger or their rights</u> . . . . In filings with the Securities and Exchange Commission, <u>Defendants claimed to have obtained sufficient votes to permit the merger to take place without a formal proxy process as required by law, to have obtained "unanimous" consent of the RTI Board, and to have obtained support agreements from each member of the RTI Board. Those statements were false</u>.

*Id.* ¶ 29 (emphasis added)

> The RTI Board of Directors represented in Amendment No. 5 that it engaged in due diligence and considered a number of factors in determining whether to enter into a merger with Thermage. Among the factors was the purported fact that "<u>it was not reasonable to expect that Reliant would be able to solicit or conclude an alternative transaction with another party at a higher price, based on the process Reliant conducted and the results of such process</u> . . . ." <u>This statement was false</u> and is contradicted by the fact that the RTI Board of Directors failed to even consider other substantial merger proposals, including a proposal from a publicly traded company and the offer from Syneron.

*Id.* ¶ 33 (emphasis added).

> Defendants owed Plaintiffs and the putative Class certain fiduciary duties and breached those duties in promoting the Thermage/Solta Medical merger to the exclusion of other alternatives <u>while stressing the desirability of the merger through misrepresentations and omissions of material fact</u>. As a result of said breaches, <u>misrepresentations, and omissions</u>, Defendants gained considerable advantage, which actions and inactions were in violation of California Civil Code § 1573.

*Id.* ¶¶ 47-48 (emphasis added).

> Defendants committed <u>constructive fraud</u> . . . when they realized gain through breaching their fiduciary duties, and <u>through misrepresentations and omissions that ensured the inaction of RTI common stock shareholders</u>.

*Id.* ¶ 52(c) (emphasis added).

> Defendants violated California Corporations Code § 2254 for <u>knowingly disseminating material misstatements pertaining to RTI's corporate affairs</u>.

*Id.* ¶ 52(d) (emphasis added).

> The structure of the merger <u>was specifically designed to deprive the common shareholders of both their right to vote and the fair value of their shares</u>. . . . Defendants <u>failed to inform RTI common shareholders of their rights</u> in connection with the merger with Thermage. Furthermore, Defendants <u>falsely claimed in filings with the Securities and Exchange Commission to have obtained sufficient votes</u> to permit the merger to take place without a formal proxy process as required by law.

*Id.* ¶¶ 57-59 (emphasis added); *see also* Complaint ¶¶ 16, 37.

Plaintiffs incorporate these allegations into each and every count in the Complaint. Compl. ¶¶ 35, 37, 39, 45, 46-48, 50-53, 55, 59, 63. Because each count is expressly based on these allegations, the entire Complaint must be dismissed. *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1221-22 (9th Cir. 2009) (affirming dismissal of breach of fiduciary duty claim under SLUSA because it relied at least in part on misrepresentations and

omissions); *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 311 (6th Cir. 2009) (affirming dismissal of breach of fiduciary duty and breach of contract claims under SLUSA where misrepresentations and omissions were alleged in other portions of the complaint); *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 299-300 (3d Cir. 2005) (affirming dismissal of breach of contract claim and holding that SLUSA precludes a claim if SLUSA's prerequisites are alleged in one form or another in the claim).[3]

Plaintiffs cannot avoid SLUSA's application by arguing that the inclusion or incorporation by reference of such allegations, therefore, is not fatal to these claims. The Ninth Circuit has confirmed that claims containing allegations of misrepresentation are precluded under SLUSA regardless of whether the misrepresentation is a specific element of the claim. *See Proctor,* 584 F.3d at 1222 n.13 ("Misrepresentation need not be a specific element of the claim to fall within the Act's preclusion.").[4]

### E. The Alleged Misstatements, Omissions and Other Misconduct Were "In Connection With" the Purchase or Sale of a Covered Security

Plaintiffs' action also satisfies SLUSA's requirement that the alleged misconduct have been "in connection with" the purchase or sale of a covered security. The Supreme Court has explained that SLUSA's "in connection with" requirement should be given a "broad construction" and the alleged misrepresentation need only "coincide" with the purchase or sale of a covered security in order to fall within SLUSA. *Dabit*, 547 U.S. at 85.

---

[3] Regardless, the alleged misrepresentations, omissions, and deceptive conduct are inextricably intertwined with the entirety of Defendants' purported misconduct in connection with the merger. Despite Plaintiffs' attempt to artfully plead around the scope of SLUSA, Plaintiffs' allegations attempt to describe an overarching manipulative scheme to deprive RTI's common shareholders of a fair merger process; a scheme in which the numerous allegations of misrepresentation are a cornerstone.

[4] Other circuit courts agree. *See, e.g., Segal,* 581 F.3d at 311 (SLUSA "does not ask whether the complaint makes 'material' or 'dependent' allegations of misrepresentation in connection with buying or selling securities. It asks whether the complaint includes these types of allegations, pure and simple."); *Rowinski,* 398 F.3d at 300 (holding that allegations of misrepresentation incorporated into a breach of contract claim "readily" satisfied the misrepresentation requirement under SLUSA because to hold otherwise "would allow artful pleading to undermine SLUSA's goal of uniformity"); *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004) (applying SLUSA to cause of action where "[a]ll of these charges are incorporated by reference into Miller's breach of contract claim.").

First, the phrase "purchase or sale" of securities includes not only the sale of stock for cash but also a stock-for-stock exchange in connection with a merger. *See Madden*, 576 F.3d at 966 (citing *SEC v. Nat'l Sec., Inc.*, 393 U.S. 453, 467-68 (1969)). Since RTI's shareholders received both cash and Thermage stock in connection with the merger, there clearly was a "purchase or sale" of securities.

Second, the Ninth Circuit recently expounded on SLUSA's "in connection with" requirement in the merger context. In *Proctor*, the Ninth Circuit found that a breach of fiduciary duty claim was precluded by SLUSA because it was based on "alleged misrepresentations and omissions [that] were made specifically for the purpose of masking [a controlling shareholder's] looting of [the company] . . . thereby inducing the minority shareholders to sell their [company] stock to [the controlling shareholder] at a disadvantageous exchange rate." 584 F.3d at 1222. The *Proctor* court noted that "[t]hese allegations establish a sufficiently close connection between the misrepresentations and the sale of [the target's] stock to satisfy SLUSA's 'in connection with' requirement." *Id.* Similarly, in *Madden*, the Ninth Circuit held that, in a class action brought by shareholders of a private corporation, allegations of misrepresentations concerning the validity and efficacy of a stock for stock merger of the private corporation with a publicly traded company satisfied SLUSA's "in connection with" requirement. *Madden*, 576 F.3d at 966.

### F. The "Delaware Carve-Out" is Inapplicable Because Plaintiffs' Claims are Brought Under California Law Which Is Not the Law of the Issuer's State of Incorporation

In passing SLUSA, Congress exempted a narrow set of class actions from the Act's preclusive effect. Under this exemption, known as the "Delaware carve-out," certain class actions "based upon the statutory or common law of the State <u>in which the issuer is incorporated</u> . . . may be maintained in a State or Federal court by a private party." 15 U.S.C. § 77p(d)(1)(A) (emphasis added). This exemption or carve-out requires claims to be brought under the law of the state of incorporation. Even if Plaintiffs <u>could have</u> based their action on the law of the state of the issuer's incorporation, the failure to do so will prevent such an action from being exempted from SLUSA's preclusive effect. *Madden,* 576 F.3d at 972.

1   As discussed above, despite the fact that both RTI and Thermage were Delaware corporations, Plaintiffs' entire Complaint alleges violations of California law.  Compl. ¶¶ 35-65.  Plaintiffs do not invoke Delaware law anywhere in their Complaint.  *Id*.  As was precisely the case in *Madden*, SLUSA's "Delaware carveout" cannot save their claims from preclusion.  576 F.3d at 972.

## II.   SLUSA REQUIRES DISMISSAL OF THIS ACTION

SLUSA states that "[n]o covered class action based upon the statutory or common law of any State . . . may be maintained in any State or Federal court by any private party."  15 U.S.C. § 77p(b) (emphasis added).  Plaintiffs' action is a "covered class action" based upon the statutory or common law of California alleging misrepresentations, omissions or other misconduct in connection with the "purchase" of Thermage shares by RTI shareholders in connection with the merger of the two companies.  As such, Plaintiffs' Complaint is precluded by SLUSA and must be dismissed as a matter of law.  *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006) ("If the action is precluded, neither the district court nor the state court may entertain it, and the proper course is to dismiss."); *Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020, 1023-24 (9th Cir. 2002) ("SLUSA provides for the removal and dismissal of class actions brought pursuant to state law alleging misrepresentations in connection with the purchase or sale of a covered security.").

## III.   THE INTERNAL AFFAIRS DOCTRINE ALSO REQUIRES DISMISSAL OF THIS ACTION

During all times relevant to this Action, RTI was a Delaware corporation.  Compl. ¶ 13.  Plaintiffs attempt to bring claims on behalf of former RTI shareholders under California law, claims which are intrinsically based upon the relationship between, and respective rights and obligations of, RTI's former shareholders, directors and officers.  *See* Section I.B, *supra*.  The internal affairs doctrine dictates that such claims can only be brought under Delaware law.  Accordingly, Plaintiffs' claims must be dismissed.

"The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs – matters peculiar

to the relationships among or between the corporation and its current officers, directors and shareholders." *Edgar v MITE Corp.,* 457 U.S. 624, 645 (1982); *see also CTS Corp. v. Dynamics Corp.,* 481 U.S. 69, 91 (1987) ("It thus is an accepted part of the business landscape in this country for States to create corporations, to prescribe their powers, and to define the rights that are acquired by purchasing their shares.").

Under the internal affairs doctrine, the court "<u>must</u> look to the law of the state of incorporation with respect to matters involving regulation of [the corporation's] 'internal affairs.'" *Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 956 (S.D. Cal. 2007) (emphasis added); *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998) ("Under the "internal affairs" doctrine, the rights of shareholders in a foreign company . . . are determined by the law of the place where the company is incorporated."); *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1527 (9th Cir. 1985) (claims involving "internal affairs" of corporations, such as the breach of fiduciary duties, are subject to the laws of the state of incorporation.); *see also VantagePoint Venture Partners 1996 v. Examen, Inc*., 871 A.2d 1108, 1112 (Del. 2005) (noting that application of the internal affairs doctrine is mandated by constitutional principles).[5]  Here, the internal affairs doctrine bars Plaintiffs' claims under California law for two reasons.

First, all of Plaintiffs' claims clearly center on the internal affairs of RTI. As the Complaint illustrates, Plaintiffs' claims involve 1) the relationship between RTI shareholders and its directors and officers, 2) Plaintiffs' alleged rights as shareholders of RTI, and 3) the issue of whether the directors/officers breached their duties to shareholders by misrepresenting certain information, failing to inform shareholders of other information, and approving the merger with Thermage through manipulative and deceptive conduct. *See* Compl. ¶¶ 18(a) ("Whether

---

[5] California state courts also apply the internal affairs doctrine and restrict governance of the relationship among or between a corporation and its shareholders, directors and officers to the law of the state of incorporation. *Vaughn v. LJ Int'l, Inc*., 174 Cal. App. 4th 213, 223-25 (2009) (applying requirements of British Virgin Islands standing statute to British Virgin Islands corporation under internal affairs doctrine); *State Farm Mut. Auto Ins. Co. v. Superior Court,* 114 Cal. App. 4th 434, 444 (2003) (noting broad acceptance of internal affairs doctrine and that "the alternatives present almost intolerable consequences to the corporate enterprise and its managers").

1  Defendants breached their fiduciary duties and duties of due care and loyalty"); 29 (defendants
2  "did not provide RTI shareholders information about the merger or their rights"); 30 (defendants
3  "wrongfully acquiesced and promoted the merger with Thermage for their own benefit"); 42
4  (plaintiffs were entitled to cumulative voting on the merger); 47 (defendants engaged in fraud by
5  "breach[ing] those duties in promoting the Thermage/Solta Medical merger to the exclusion of
6  other alternatives while stressing the desirability of the merger through misrepresentations and
7  omissions of material fact").
8        These issues are classic internal affairs which are governed by Delaware law under the
9  internal affairs doctrine, and thus, cannot be pursued under California law.  *See, e.g., In re*
10 *Verisign, Inc., Deriv. Litig.*, 531 F. Supp. 2d 1173, 1215 (N.D. Cal. 2007) ("the law of the state
11 of VeriSign's incorporation, applies to all causes of action that implicate the Company's internal
12 affairs, including the claims for breach of fiduciary duty, accounting, unjust enrichment,
13 rescission, constructive fraud, corporate waste, breach of contract, gross mismanagement, and
14 restitution"); *In re Sagent Tech Inc. Deriv. Litig.,* 278 F. Supp. 2d 1079, 1086-87 (N.D. Cal.
15 2003) ("law of state of incorporation governs liabilities of officers and directors to the
16 corporation and its shareholders"); *State Farm*, 114 Cal. App. 4th at 442 ("'Internal affairs'
17 include 'steps taken in the course of . . . holding of directors meetings' and 'mergers,
18 consolidations, and reorganizations'") (citation omitted).
19       Second, Plaintiffs cannot escape the internal affairs doctrine and the application of
20 Delaware law by invoking Section 2115 of the California Corporations Code.  Compl. ¶ 32.
21 Section 2115 purports to impose certain enumerated sections of California's Corporations Code
22 on foreign corporations with sufficient (as determined by the statute) connections to California.
23 CAL. CORP. CODE § 2115.  Here, Plaintiffs allege that, because RTI purportedly had sufficient
24 contacts to California, RTI was required to adhere to California corporate law concerning, *inter*
25 *alia,* voting rights (CAL. CORP. CODE § 1201) even if it is in conflict with the voting rights
26 provisions of Delaware law.  Compl. ¶¶ 32, 40-44.  Plaintiffs, therefore, ignore the law of RTI's
27 state of incorporation and allege violations of California law.  *Id*. ¶¶ 35-65.
28

Plaintiffs' attempted invocation of Section 2115 of the California Corporations Code violates the internal affairs doctrine because it would improperly impinge on Delaware's authority to regulate Delaware corporations.  As the United States Supreme Court held in *CTS Corp.*, "[n]o principle of corporation law and practice is more firmly established than a State's authority to regulate domestic corporations, including the authority to define the voting rights of shareholders."  481 U.S. at 89; *see also* Restatement (Second) of Conflict of Laws § 304 (1971) (concluding that the law of the state of incorporation generally should "determine the right of a shareholder to participate in the administration of the affairs of the corporation.").

In *VantagePoint*, the Delaware Supreme Court rejected, as contrary to the internal affairs doctrine, a nearly identical attempt by shareholders of a Delaware corporation to invoke California Corporations Code §§ 2115 and 1201 and impose on the corporation California's contrary voting requirements.  Citing to various Supreme Court, Delaware and California decisions embracing the internal affairs doctrine, the Delaware Supreme Court held that a corporation's voting rights must be "adjudicated <u>exclusively</u> in accordance with the law of the state of incorporation" and that plaintiffs cannot seek to impose the requirements of California law on a Delaware corporation through Section 2115.  871 A.2d at 1116 (emphasis added).[6]  This Court should do likewise and dismiss Plaintiffs' Complaint.

---

[6] The Delware Supreme Court's decision in *Vantage Point* has been cited favorably by courts in California.  *See, e.g., Klussman v. Cross Country Bank*, 134 Cal. App. 4th 1283, 1299 (2005).

DEFENDANTS' MOTION TO DISMISS  -14-
CASE NO.: 5:10-CV-00262-JF

**CONCLUSION**

For the reasons discussed above, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

Dated: January 27, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304-1050


By:  /s/ Ignacio E. Salceda
         Ignacio E. Salceda

Attorneys for Defendants

**ATTESTATION OF FILER**

I, Bryson Santaguida, am the user whose identification and password are being used to file this **DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**. In compliance with General Order No. 45.X.B, I hereby attest that Ignacio E. Salceda has concurred in this filing.

Dated: January 27, 2010                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation


                                           By: /s/ Bryson Santaguida
                                                   Bryson Santaguida

                                           Attorneys for Defendants